IN THE UNITED STATES BANKRUPTCY
COURT FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE: | Case No. BK 24-40267-BSK |
| | (Chapter 7) |
| ALDEN H. ZUHLKE and | |
| LISA A. ZUHLKE, | |
| Debtors. | |
| | |
| PHILIP M. KELLY, CHAPTER 7 TRUSTEE, | ADV PRO. No. 25-04007-BSK |
| Plaintiff, | |
| | **DEFENDANT, DEREK ZUHLKE AND** |
| v. | **DILLAN ZUHLKE'S ANSWER TO** |
| | **COMPLAINT** |
| DARIN A. ZUHLKE, RACHEL K. ZUHLKE, ZUHLKE PROPERTIES, LLC, JOYSPRINGS PROPERTIES, LLC, CHRISTIAN ZUHLKE, DIAMOND Z FARMS, LLC, Z BROTHERS, LLC, DEAN ZUHLKE, DAVID ZUHLKE, DEREK A. ZUHLKE, DILLAN A. ZUHLKE, ALDEN H. ZUHLKE and LISA A. ZUHLKE | |
| Defendants. | |

COME NOW Defendants Derek A. Zuhlke, ("Derek") and Dillan A. Zuhlke ("Dillan") (collectively referred to as "Defendants") for their Answer to the Complaint filed by Plaintiff Philip M. Kelly, Chapter 7 Trustee for the bankruptcy estate presently being administered in Case No. BK 24-40267 in the United States Bankruptcy Court for the District of Nebraska  (the "Plaintiff" or the "Trustee"), state and allege as follows:

### JURISDICTION AND PARTIES

1.    Defendants deny the allegations in Paragraph 1 of Plaintiff's Complaint.

2.    The Bankruptcy Court docket in Alden and Lisa's case speaks for itself, and Defendants deny any allegations in Paragraph 2 of Plaintiff's Complaint that are inconsistent therewith.

3.    Defendants admit the allegations in Paragraph 3 of Plaintiff's Complaint.

4.    Defendants admit the allegations in Paragraph 4 of Plaintiff's Complaint.

1

5.      Defendants admit the allegations in Paragraph 5 of Plaintiff's Complaint.

6.      Defendants lack sufficient information to admit or deny the allegations in Paragraph 6, and therefore deny the allegations in Paragraph 6 of Plaintiff's Complaint.

7.      Defendants admit the allegations in Paragraph 7 of Plaintiff's Complaint.

8.      Defendants lack sufficient information to admit or deny the allegations in Paragraph 8, and therefore deny the allegations in Paragraph 8 of Plaintiff's Complaint.

9.      Defendants admit the allegations in Paragraph 9 of Plaintiff's Complaint.

10.     Defendants admit the allegations in Paragraph 10 of Plaintiff's Complaint.

11.     Defendants admit that Alden and Lisa filed bankruptcy at Case No.24-40267, but denies the remaining allegations in Paragraph 11 of Plaintiff's Complaint.

12.     Defendants admit only that Dean is Alden's brother but lack information sufficient to admit or deny the remaining allegations in Paragraph 12 of Plaintiff's Complaint, and therefore denies those allegations.

13.     Defendants admit only that David is Alden's brother but lack information sufficient to admit or deny the remaining allegations in Paragraph 13 of Plaintiff's Complaint, and therefore denies those allegations.

14.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 14, and therefore deny the allegations in Paragraph 14 of Plaintiff's Complaint.

15.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 15, and therefore deny the allegations in Paragraph 15 of Plaintiff's Complaint.

16.     Paragraph 16 seeks a legal conclusion to which no response is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 16 of Plaintiff's Complaint.

17.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 17, and therefore deny the allegations in Paragraph 17 of Plaintiff's Complaint.

18.     The Schedules filed by Lisa and Alden in their bankruptcy case speak for themselves.  Defendants deny any allegations in Paragraph 18 of Plaintiff's Complaint that are inconsistent therewith.  Defendants further deny any inference in Paragraph 18 that the claims identified on Debtors' Schedules are allowable under 11 USC §502, or

that the creditors identified were unsecured creditors at the time of the transfers alleged in Plaintiff's Complaint.

19.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 19, and therefore deny the allegations in Paragraph 19 of Plaintiff's Complaint. Defendants further deny any inference in Paragraph 19 that any additional creditors were unsecured creditors at the time of the transfers alleged in Plaintiff's Complaint.

20.     The "Claims Register" speaks for itself.  Defendants deny any allegations in Paragraph 20 of Plaintiff's Complaint that are inconsistent therewith. Defendants further deny any inference that the Claims Register includes any claims that are allowable under 11 USC §502, or that the creditors who filed claims in the Claims Register were unsecured creditors at the time of the transfers alleged in Plaintiff's Complaint.

21.     Defendants deny the allegations in Paragraph 21 of Plaintiff's Complaint.

22.     Paragraph 22 seeks a legal conclusion to which no response is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 22 of Plaintiff's Complaint.

23.     Paragraph 23 seeks a legal conclusion to which no response is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 23 of Plaintiff's Complaint.

24.     Paragraph 24 seeks a legal conclusion to which no response is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 24 of Plaintiff's Complaint.

## ALDEN AND LISA'S INDEBTEDNESS TO RABO

25.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 25, and therefore deny the allegations in Paragraph 25 of Plaintiff's Complaint.

26.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 26, and therefore deny the allegations in Paragraph 26 of Plaintiff's Complaint.

27.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 27, and therefore deny the allegations in Paragraph 27 of Plaintiff's Complaint.

## RABO REPLEVIN ACTION

28.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 28, and therefore deny the allegations in Paragraph 28 of Plaintiff's Complaint.

29.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 29, and therefore deny the allegations in Paragraph 29 of Plaintiff's Complaint.

30.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 30, and therefore deny the allegations in Paragraph 30 of Plaintiff's Complaint.

31.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 31, and therefore deny the allegations in Paragraph 31 of Plaintiff's Complaint.

32.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 32, and therefore deny the allegations in Paragraph 32 of Plaintiff's Complaint.

## RABO EXERCISE OF POWER OF SALE AND DEFICIENCY JUDGMENT

33.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 33, and therefore deny the allegations in Paragraph 33 of Plaintiff's Complaint.

34.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 34, and therefore deny the allegations in Paragraph 34 of Plaintiff's Complaint.

35.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 35, and therefore deny the allegations in Paragraph 35 of Plaintiff's Complaint.

36.     Rabo's judgment speaks for itself, and Defendants deny any allegations in Paragraph 36 of Plaintiff's Complaint that are inconsistent therewith.

37.     Rabo's motion for pre-judgment attachment speaks for itself, and Defendants deny any allegations in Paragraph 37 of Plaintiff's Complaint that are inconsistent therewith.

38.     Defendants deny the allegations in Paragraph 38 of Plaintiff's Complaint.

## ALDEN AND LISA'S FRAUDULENT INTENT

39.     Defendants admit that Alden and Lisa filed a bankruptcy case under Chapter 12.  Defendants lack information sufficient to admit or deny the truth of the remaining allegations in Paragraph 39 of Plaintiff's Complaint, and therefore, deny those allegations.

40.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 40, and therefore deny the allegations in Paragraph 40 of Plaintiff's Complaint.

41.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 41, and therefore deny the allegations in Paragraph 41 of Plaintiff's Complaint.

42.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 42, and therefore deny the allegations in Paragraph 42 of Plaintiff's Complaint.

43.     Paragraph 43 seeks a legal conclusion to which no response is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 43 of Plaintiff's Complaint.

44.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 44, and therefore deny the allegations in Paragraph 44 of Plaintiff's Complaint.

45.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 45, and therefore deny the allegations in Paragraph 45 of Plaintiff's Complaint.

46.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 46, and therefore deny the allegations in Paragraph 46 of Plaintiff's Complaint.

47.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 47, and therefore deny the allegations in Paragraph 47 of Plaintiff's Complaint.

48.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 48, and therefore deny the allegations in Paragraph 48 of Plaintiff's Complaint.

49.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 49, and therefore deny the allegations in Paragraph 49 of Plaintiff's Complaint.

50.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 50, and therefore deny the allegations in Paragraph 50 of Plaintiff's Complaint.

51.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 51, and therefore deny the allegations in Paragraph 51 of Plaintiff's Complaint.

52.     Defendants respond that filings made with the Bankruptcy Court speak for themselves, and they deny any allegations in Paragraph 52 of Plaintiff's Complaint that are inconsistent therewith.

53.     Defendants deny the allegations in Paragraph 53 of Plaintiff's Complaint.

## FIRST CAUSE OF ACTION-AVOIDABLE TRANSACTION-
## TRANSFERS OF FUNDS AND PROPERTY TO JOYSPRINGS

54.    Defendants incorporate their responses to the foregoing allegations as if
fully set forth herein.

55. – 67.    Defendants respond that the allegations in Paragraphs 55 through 67
are not directed to them, and therefore no response is required.  To the extent a response
is required, Defendants deny the allegations in Paragraphs 55 to 67 of Plaintiff's
Complaint.

## SECOND CAUSE OF ACTION-AVOIDABLE TRANSACTION-TRANSFER OF
## FUNDS TO DARIN, RACHEL AND ZUHLKE PROPERTIES

68.    Defendants incorporate their responses to the foregoing allegations as if
fully set forth herein.

69. – 74.    Defendants respond that the allegations in Paragraphs 69 through 74
are not directed to them, and therefore no response is required.  To the extent a response
is required, Defendants deny the allegations in Paragraphs 69 to 74 of Plaintiff's
Complaint.

## THIRD CAUSE OF ACTION-AVOIDABLE TRANSACTION
## TRANSFER OF JOYSPRINGS TO CHRISTIAN

75.    Defendants incorporate their responses to the foregoing allegations as if fully
set forth herein.

76. – 87.    Defendants respond that the allegations in Paragraphs 76 through 87
are not directed to them, and therefore no response is required.  To the extent a response
is required, Defendants deny the allegations in Paragraphs 76 to 87 of Plaintiff's
Complaint.

## FOURTH CAUSE OF ACTION-AVOIDABLE TRANSACTION-
## TRANSFER OF PROPERTY RIGHTS IN Z BROTHERS TO
## DAVID AND DEAN

88.    Defendants incorporate their responses to the foregoing allegations as if fully
set forth herein.

89. – 104.  Defendants respond that the allegations in Paragraphs 89 through 104
are not directed to them, and therefore no response is required.  To the extent a response

is required, Defendants deny the allegations in Paragraphs 89 to 104 of Plaintiff's

Complaint.

## FIFTH CAUSE OF ACTION-TURNOVER OF FUNDS TRANSFERRED BY ALDEN, LISA AND JOYSPRINGS TO DARIN AND ZUHLKE PROPERTIES

105.   Defendants incorporate their responses to the foregoing allegations as if fully set forth herein.

106. – 113.  Defendants respond that the allegations in Paragraphs 106 through 113 are not directed to them, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraphs 106 to 113 of Plaintiff's Complaint.

## SIXTH CAUSE OF ACTION- AVOIDABLE TRANSACTIONS-TRANSFERS DISGUISED AS "LOANS" FROM ALDEN, LISA AND JOYSPRINGS TO DARIN

114. Defendants incorporate their responses to the foregoing allegations as if fully set forth herein.

115. – 117.  Defendants respond that the allegations in Paragraphs 115 through 117 are not directed to them, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraphs 115 to 117 of Plaintiff's Complaint.

## SEVENTH CAUSE OF ACTION-TURNOVER OF RENTS

118. Defendants incorporate their responses to the foregoing allegations as if fully set forth herein.

119.   Defendants deny the allegations in Paragraph 119 of Plaintiff's Complaint.

120.   Defendants deny the allegations in Paragraph 120 of Plaintiff's Complaint.

121.   Defendants deny the allegations in Paragraph 121 of Plaintiff's Complaint.

122.   Defendants deny the allegations in Paragraph 122 of Plaintiff's Complaint.

## EIGHTH CAUSE OF ACTION-TURNOVER OF VEHICLES AND EQUIPMENT

123.   Defendants deny the allegations in Paragraph 123 of Plaintiff's Complaint.

124.   Defendants deny the allegations in Paragraph 124 of Plaintiff's Complaint. Defendants affirmatively allege that the "2010 ATV" and "2011 ATV" listed above belong to Derek Zuhlke and are not owned by Debtors.

125.    Defendants deny the allegations in Paragraph 125 of Plaintiff's Complaint.

126.    Defendants deny the allegations in Paragraph 126 of Plaintiff's Complaint.

127.    Defendants lack sufficient information to admit or deny the allegations in Paragraph 127, and therefore deny the allegations in Paragraph 127 of Plaintiff's Complaint.

128.    Defendants deny any allegations in Plaintiff's Complaint that are not expressly admitted.

### AFFIRMATIVE DEFENSES

1.    Plaintiff lacks standing to assert the claims against Defendants.

2.    Plaintiff's claims against Defendants have been satisfied.

3.    Plaintiff's claims against Defendants are barred by the doctrine of accord and satisfaction.

4.    Plaintiff's claims against Defendants are barred by the doctrine of merger.

5.    Plaintiff's Eight Cause of Action is barred because Plaintiff is seeking turnover of property that does not belong to the Debtors.

WHEREFORE, Defendants, Derek Zuhlke and Dillan Zuhlke respectfully request that the Court dismiss Plaintiff's claims, with prejudice, and for any other relief that is deemed just and appropriate.

DATED this 27th day of June, 2025.

**DEREK A. ZUHLKE and DILLAN A. ZUHLKE**, Defendants

By: _/s/ Lauren R. Goodman_____
Lauren R. Goodman (#24645)
McGrath North Mullin & Kratz, PC LLO
First National Tower, Suite 3700
1601 Dodge Street
Omaha, Nebraska 68102
(402) 341-3070
(402) 341-0216 fax
lgoodman@mcgrathnorth.com

ATTORNEYS FOR DEFENDANTS DEREK A. ZUHLKE and DILLAN A. ZUHLKE

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was served by electronic filing utilizing the Court's CM/ECF system which gave notification electronically upon all parties who have filed an appearance or motion by electronic filing in this case on this 27th day of June, 2025.

*/s/ Lauren R. Goodman*