IN THE UNITED STATES BANKRUPTCY
COURT FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE:<br><br>ALDEN H. ZUHLKE and<br>LISA A. ZUHLKE,<br><br>               Debtors. | Case No. BK 24-40267-BSK<br>(Chapter 7) |
| PHILIP M. KELLY, CHAPTER 7 TRUSTEE,<br><br>               Plaintiff,<br><br>   v.<br><br>DARIN A. ZUHLKE, RACHEL K. ZUHLKE, ZUHLKE PROPERTIES, LLC, JOYSPRINGS PROPERTIES, LLC, CHRISTIAN ZUHLKE, DIAMOND Z FARMS, LLC, Z BROTHERS, LLC, DEAN ZUHLKE, DAVID ZUHLKE, DEREK A. ZUHLKE, DILLAN A. ZUHLKE, ALDEN H. ZUHLKE and LISA A. ZUHLKE<br><br>               Defendants. | ADV PRO. No. 25-04007-BSK<br><br>**DARIN A. ZUHLKE, RACHEL K. ZUHLKE AND ZUHLKE PROPERTIES, LLC'S ANSWER TO COMPLAINT** |

      Defendants, Darin A. Zuhlke, Rachel K. Zuhlke and Zuhlke Properties, LLC (collectively referred to as "Defendants") for their Answer to the Complaint filed by Plaintiff Philip M. Kelly, Chapter 7 Trustee for the bankruptcy estate presently being administered in Case No. BK 24-40267 in the United States Bankruptcy Court for the District of Nebraska (the "Plaintiff" or the "Trustee"), state and allege as follows:

### JURISDICTION AND PARTIES

    1.     Defendants deny the allegations in Paragraph 1 of Plaintiff's Complaint.

    2.     The Bankruptcy Court docket in Alden and Lisa's case speaks for itself, and Defendants deny any allegations in Paragraph 2 of Plaintiff's Complaint that are inconsistent therewith.

    3.     Defendants admit the allegations in Paragraph 3 of Plaintiff's Complaint.

    4.     Defendants admit the allegations in Paragraph 4 of Plaintiff's Complaint.

1

5.  Defendants admit the allegations in Paragraph 5 of Plaintiff's Complaint.

6.  Defendants admit the allegations in Paragraph 6 of Plaintiff's Complaint.

7.  Defendants admit the allegations in Paragraph 7 of Plaintiff's Complaint.

8.  Defendants lack sufficient information to admit or deny the allegations in Paragraph 8, and therefore deny the allegations in Paragraph 8 of Plaintiff's Complaint.

9.  Defendants admit the allegations in Paragraph 9 of Plaintiff's Complaint.

10. Defendants admit the allegations in Paragraph 10 of Plaintiff's Complaint.

11. Defendants admit that Alden and Lisa filed bankruptcy at Case No.24-40267, but denies the remaining allegations in Paragraph 11 of Plaintiff's Complaint.

12. Defendants admit only that Dean is Alden's brother but lack information sufficient to admit or deny the remaining allegations in Paragraph 12 of Plaintiff's Complaint, and therefore denies those allegations.

13. Defendants admit only that David is Alden's brother but lack information sufficient to admit or deny the remaining allegations in Paragraph 13 of Plaintiff's Complaint, and therefore denies those allegations.

14. Defendants lack sufficient information to admit or deny the allegations in Paragraph 14, and therefore deny the allegations in Paragraph 14 of Plaintiff's Complaint.

15. Defendants lack sufficient information to admit or deny the allegations in Paragraph 15, and therefore deny the allegations in Paragraph 15 of Plaintiff's Complaint.

16. Paragraph 16 seeks a legal conclusion to which no response is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 16 of Plaintiff's Complaint.

17. Defendants lack sufficient information to admit or deny the allegations in Paragraph 17, and therefore deny the allegations in Paragraph 17 of Plaintiff's Complaint.

18. The Schedules filed by Lisa and Alden in their bankruptcy case speak for themselves. Defendants deny any allegations in Paragraph 18 of Plaintiff's Complaint that are inconsistent therewith. Defendants further deny any inference in Paragraph 18 that the claims identified on Debtors' Schedules are allowable under 11 USC § 502, or that the creditors identified were unsecured creditors at the time of the transfers alleged in Plaintiff's Complaint.

19. Defendants lack sufficient information to admit or deny the allegations in Paragraph 19, and therefore deny the allegations in Paragraph 19 of Plaintiff's Complaint. Defendants further deny any inference in Paragraph 19 that any additional creditors were unsecured creditors at the time of the transfers alleged in Plaintiff's Complaint.

20. The "Claims Register" speaks for itself. Defendants deny any allegations in Paragraph 20 of Plaintiff's Complaint that are inconsistent therewith. Defendants further deny any inference that the Claims Register includes any claims that are allowable under 11 USC § 502, or that the creditors who filed claims in the Claims Register were unsecured creditors at the time of the transfers alleged in Plaintiff's Complaint.

21. Defendants deny the allegations in Paragraph 21 of Plaintiff's Complaint.

22. Paragraph 22 seeks a legal conclusion to which no response is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 22 of Plaintiff's Complaint.

23. Paragraph 23 seeks a legal conclusion to which no response is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 23 of Plaintiff's Complaint.

24. Paragraph 24 seeks a legal conclusion to which no response is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 24 of Plaintiff's Complaint.

### ALDEN AND LISA'S INDEBTEDNESS TO RABO

25. Defendants lack sufficient information to admit or deny the allegations in Paragraph 25, and therefore deny the allegations in Paragraph 25 of Plaintiff's Complaint.

26. Defendants lack sufficient information to admit or deny the allegations in Paragraph 26, and therefore deny the allegations in Paragraph 26 of Plaintiff's Complaint.

27. Defendants lack sufficient information to admit or deny the allegations in Paragraph 27, and therefore deny the allegations in Paragraph 27 of Plaintiff's Complaint.

### RABO REPLEVIN ACTION

28. Defendants lack sufficient information to admit or deny the allegations in Paragraph 28, and therefore deny the allegations in Paragraph 28 of Plaintiff's Complaint.

29. Defendants lack sufficient information to admit or deny the allegations in Paragraph 29, and therefore deny the allegations in Paragraph 29 of Plaintiff's Complaint.

30. Defendants lack sufficient information to admit or deny the allegations in Paragraph 30, and therefore deny the allegations in Paragraph 30 of Plaintiff's Complaint.

31. Defendants lack sufficient information to admit or deny the allegations in Paragraph 31, and therefore deny the allegations in Paragraph 31 of Plaintiff's Complaint.

32. Defendants lack sufficient information to admit or deny the allegations in Paragraph 32, and therefore deny the allegations in Paragraph 32 of Plaintiff's Complaint.

**RABO EXERCISE OF POWER OF SALE AND DEFICIENCY JUDGMENT**

33. Defendants lack sufficient information to admit or deny the allegations in Paragraph 33, and therefore deny the allegations in Paragraph 33 of Plaintiff's Complaint.

34. Defendants lack sufficient information to admit or deny the allegations in Paragraph 34, and therefore deny the allegations in Paragraph 34 of Plaintiff's Complaint.

35. Defendants lack sufficient information to admit or deny the allegations in Paragraph 35, and therefore deny the allegations in Paragraph 35 of Plaintiff's Complaint.

36. Rabo's judgment speaks for itself, and Defendants deny any allegations in Paragraph 36 of Plaintiff's Complaint that are inconsistent therewith.

37. Rabo's motion for pre-judgment attachment speaks for itself, and Defendants deny any allegations in Paragraph 37 of Plaintiff's Complaint that are inconsistent therewith.

38. Defendants deny the allegations in Paragraph 38 of Plaintiff's Complaint.

**ALDEN AND LISA'S FRAUDULENT INTENT**

39. Defendants admit that Alden and Lisa filed a bankruptcy case under Chapter 12. Defendants lack information sufficient to admit or deny the truth of the remaining allegations in Paragraph 39 of Plaintiff's Complaint, and therefore deny those allegations.

40. Defendants lack sufficient information to admit or deny the allegations in Paragraph 40, and therefore deny the allegations in Paragraph 35 of Plaintiff's Complaint.

41. Defendants lack sufficient information to admit or deny the allegations in Paragraph 41, and therefore deny the allegations in Paragraph 41 of Plaintiff's Complaint.

42. Defendants lack sufficient information to admit or deny the allegations in Paragraph 42, and therefore deny the allegations in Paragraph 42 of Plaintiff's Complaint.

43. Paragraph 43 seeks a legal conclusion to which no response is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 43 of Plaintiff's Complaint.

44. Defendants lack sufficient information to admit or deny the allegations in Paragraph 44, and therefore deny the allegations in Paragraph 44 of Plaintiff's Complaint.

45. Defendants lack sufficient information to admit or deny the allegations in Paragraph 45, and therefore deny the allegations in Paragraph 45 of Plaintiff's Complaint.

46. Defendants lack sufficient information to admit or deny the allegations in Paragraph 46, and therefore deny the allegations in Paragraph 46 of Plaintiff's Complaint.

47. Defendants lack sufficient information to admit or deny the allegations in Paragraph 47, and therefore deny the allegations in Paragraph 47 of Plaintiff's Complaint.

48. Defendants lack sufficient information to admit or deny the allegations in Paragraph 48, and therefore deny the allegations in Paragraph 48 of Plaintiff's Complaint.

49. Defendants lack sufficient information to admit or deny the allegations in Paragraph 49, and therefore deny the allegations in Paragraph 49 of Plaintiff's Complaint.

50. Defendants admit only that Darin received a $100,000 payment. Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 50, and therefore deny the remaining allegations in Paragraph 50 of Plaintiff's Complaint.

51. Defendants lack sufficient information to admit or deny the allegations in Paragraph 51, and therefore deny the allegations in Paragraph 51 of Plaintiff's Complaint.

52. Defendants respond that filings made with the Bankruptcy Court speak for themselves, and they deny any allegations in Paragraph 52 of Plaintiff's Complaint that are inconsistent therewith.

53. Defendants deny the allegations in Paragraph 53 of Plaintiff's Complaint.

**FIRST CAUSE OF ACTION-AVOIDABLE TRANSACTION-
TRANSFERS OF FUNDS AND PROPERTY TO JOYSPRINGS**

54. Defendants incorporate their responses to the foregoing allegations as if fully set forth herein.

55. – 67.   Defendants respond that the allegations in Paragraphs 55 through 67 are not directed to them, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraphs 55 to 67 of Plaintiff's Complaint.

**SECOND CAUSE OF ACTION-AVOIDABLE TRANSACTION-TRANSFER OF FUNDS TO DARIN, RACHEL AND ZUHLKE PROPERTIES**

68.   Defendants incorporate their responses to the foregoing allegations as if fully set forth herein.

69.   Defendants admit that they have held deposit accounts at Madison County Bank, but deny the remaining allegations in Paragraph 69 of Plaintiff's Complaint.

70.   Defendants admit that Darin and Rachel received a payment of $100,000 on or around April 13, 2022, but deny the remaining allegations in Paragraph 70 of Plaintiff's Complaint. Defendants affirmatively allege that the payment was in exchange for reasonably equivalent value.

71.   Defendants admit that Darin and Rachel received a payment of $100,000 on or around April 13, 2022, but deny the remaining allegations in Paragraph 71 of Plaintiff's Complaint. Defendants affirmatively allege that the payment was in exchange for reasonably equivalent value.

72.   Defendants admit that Darin and Rachel receive monthly transfers in the amount of $674.72 in monthly payments from Debtors but deny the remaining allegations in Paragraph 72 of Plaintiff's Complaint. Defendants affirmatively allege that the monthly payments are in exchange for Debtors' use of Defendants' vehicle.

73.   Defendants deny the allegations in Paragraph 73 of Plaintiff's Complaint.

74.   Defendants deny the allegations in Paragraph 74 of Plaintiff's Complaint.

**THIRD CAUSE OF ACTION-AVOIDABLE TRANSACTION
TRANSFER OF JOYSPRINGS TO CHRISTIAN**

75.   Defendants incorporate their responses to the foregoing allegations as if fully set forth herein.

76. – 87.   Defendants respond that the allegations in Paragraphs 76 through 87 are not directed to them, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraphs 76 to 87 of Plaintiff's Complaint.

### FOURTH CAUSE OF ACTION-AVOIDABLE TRANSACTION-TRANSFER OF PROPERTY RIGHTS IN Z BROTHERS TO DAVID AND DEAN

88. Defendants incorporate their responses to the foregoing allegations as if fully set forth herein.

89. – 104. Defendants respond that the allegations in Paragraphs 89 through 104 are not directed to them, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraphs 89 to 104 of Plaintiff's Complaint.

### FIFTH CAUSE OF ACTION-TURNOVER OF FUNDS TRANSFERRED BY ALDEN, LISA AND JOYSPRINGS TO DARIN AND ZUHLKE PROPERTIES

105. Defendants incorporate their responses to the foregoing allegations as if fully set forth herein.

106. Defendants admit that they gave a Promissory Note on or around December 12, 2016, to the Debtors, the terms of which speak for themselves. Defendants deny the remaining obligations in Paragraph 106 of Plaintiff's Complaint, including the allegation that Alden and Lisa transferred $190,000.

107. Defendants admit that they gave a Promissory Note on or around July 1, 2021, to the Debtors, the terms of which speak for themselves. Defendants deny the remaining obligations in Paragraph 107 of Plaintiff's Complaint, including any allegations that are inconsistent therewith.

108. Defendants admit that they gave a Promissory Note on or around April 20, 2022, to the Debtors, the terms of which speak for themselves. Defendants deny the remaining obligations in Paragraph 108 of Plaintiff's Complaint, including any allegations that are inconsistent therewith.

109. Defendants admit that they gave a Second Renewal Note on or around July 20, 2023, to the Debtors, the terms of which speak for themselves. Defendants deny the remaining obligations in Paragraph 109 of Plaintiff's Complaint, including any allegations that are inconsistent therewith.

110. Defendants deny the allegations in Paragraph 110 of Plaintiff's Complaint.

111. Defendants deny the allegations in Paragraph 111 of Plaintiff's Complaint.

112. Defendants deny the allegations in Paragraph 112 of Plaintiff's Complaint.

113. Defendants deny the allegations in Paragraph 113 of Plaintiff's Complaint.

### SIXTH CAUSE OF ACTION- AVOIDABLE TRANSACTIONS-TRANSFERS DISGUISED AS "LOANS" FROM ALDEN, LISA AND JOYSPRINGS TO DARIN

114. Defendants incorporate their responses to the foregoing allegations as if fully set forth herein.

115. Defendants deny the allegations in Paragraph 115 of Plaintiff's Complaint.

116. Defendants deny the allegations in Paragraph 116 of Plaintiff's Complaint.

117. Defendants deny the allegations in Paragraph 117 of Plaintiff's Complaint.

### SEVENTH CAUSE OF ACTION-TURNOVER OF RENTS

118. Defendants incorporate their responses to the foregoing allegations as if fully set forth herein.

119 to 122. Defendants respond that the allegations in Paragraphs 119 through 122 are not directed to them, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraphs 119 to 122 of Plaintiff's Complaint.

### EIGHTH CAUSE OF ACTION-TURNOVER OF VEHICLES AND EQUIPMENT

123 to 127. Defendants respond that the allegations in Paragraphs 123 to 127 are not directed to them, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraphs 123 to 127 of Plaintiff's Complaint.

128. Defendants deny any allegations in Plaintiff's Complaint that are not expressly admitted.

### AFFIRMATIVE DEFENSES

1. Plaintiff lacks standing to assert the claims against Defendants.
2. Plaintiff's claims against Defendants have been satisfied.
3. Plaintiff's claims against Defendants are barred by the doctrine of accord and satisfaction.
4. Plaintiff's claims under 11 U.S.C. § 550 are barred because Defendants were immediate or mediate transferees, not initial transferees, of any transfers and

8

Defendants: (a) received any alleged payment for value and without knowledge of the voidability of the transfer avoided; or (b) were good faith transferees.

5. To the extent Plaintiff's claims under 11 U.S.C. § 550 seek to recover amounts that are already subject to other claims brought by Plaintiff, Defendants are entitled to a setoff for any amounts recovered in connection with other claims. Plaintiff cannot recover the same property twice.

6. To the extent Plaintiff is entitled to recovery under 11 U.S.C. § 550, Defendants are entitled to a reduction in the interest they have paid on the obligations made in connection with the alleged transfers.

7. To the extent any transfers were made and are voidable, the Defendants, as good-faith transferees, are entitled, to the extent of any value given to (a) a lien on or a right to retain any interest in the asset transferred; (b) enforcement of any obligation incurred; or (c) a reduction in the amount of the liability on the judgment.

8. The Plaintiff may not recover to the extent that any transfers received by Defendants were received in good faith and in exchange for reasonably equivalent value.

9. To the extent Plaintiff recovers any sums herein, Defendants are entitled to a claim in the underlying bankruptcy case of a corresponding amount.

10. The Plaintiff may not recover on his claims to the extent that such claims have been waived.

WHEREFORE, Defendants, Darin Zuhlke, Rachel Zuhlke and Zuhlke Properties, LLC respectfully request that the Court dismiss Plaintiff's claims, with prejudice, and for any other relief that is deemed just and appropriate.

DATED this 27th day of June, 2025.

**DARIN ZUHLKE, RACHEL ZUHLKE AND ZUHLKE PROPERTIES, LLC**, Defendants

By: */s/ Lauren R. Goodman*
Lauren R. Goodman (#24645)
McGrath North Mullin & Kratz, PC LLO
First National Tower, Suite 3700
1601 Dodge Street
Omaha, Nebraska 68102
(402) 341-3070
(402) 341-0216 fax

lgoodman@mcgrathnorth.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was served by electronic filing utilizing the Court's CM/ECF system which gave notification electronically upon all parties who have filed an appearance or motion by electronic filing in this case on this 27th day of June, 2025.

/s/ Lauren R. Goodman